### SINDEBAND v. CANTOR.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Ida Sindeband against Aaron Cantor. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Bennett E. Siegelstein, of New York City, for appellant.

Kantrowitz & Esberg, of New York City (Henry Stern, of New York City, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

SEABURY and BIJUR, JJ., concur.

LEHMAN, J. (dissenting). The plaintiff has recovered a judgment for the conversion of moneys received by the defendant as agent. For the purposes of this appeal we must consider all disputed questions of fact as resolved in favor of the plaintiff, and that the actual facts are: That the plaintiff employed the defendant to collect and pay over the rents of an apartment building for plaintiff; that the defendant had no authority to make any expenditures for repairs, but was required to report the necessary repairs to the plaintiff in order to enable the plaintiff to make the repairs herself; that the defendant received the sum of $506 as the plaintiff's agent, and that the amount of the judgment is a portion of these rents which

the defendant has refused to pay over to the plaintiff. The defendant showed that he had paid out this amount for repairs and supplies for the premises, inuring to the plaintiff's benefit.

Under the above statement of facts it is clear that we are now bound to hold that such payments were not authorized by the plaintiff, and the case therefore presents simply the question of law whether, under such circumstances, the plaintiff has shown conversion by her agent. To establish conversion, it is of course necessary to show that the defendant has assumed a personal dominion over the property of the defendant. If he assumed the personal right to dispose of the plaintiff's property, then in my opinion he has converted the property, even though such disposition inured to the plaintiff's benefit but if he disposed of the plaintiff's property acting as the plaintiff's agent, even though he has exceeded his authority, then in my opinion he should be held liable only for a breach of his duty in an action on contract. In this case I think it quite clear that the defendant at no time claimed or did anything adverse to the plaintiff's property rights in the money, and such act or claim is, I think, essential to the action for conversion. The defendant at all times apparently acted in subordination to the plaintiff's title, exceeding, it is true, the authority given him, but still as the plaintiff's agent.

It seems to me therefore that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.